**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

HERSHEL BOXTON,　　　　　　　　　:
　　　　　　　　　　　　　　　　　:
　　　　Petitioner,　　　　　　　 :　　Civil Action No. 11-1872 (SRC)
　　　　　　　　　　　　　　　　　:
v.　　　　　　　　　　　　　　　　:　　**OPINION**
　　　　　　　　　　　　　　　　　:
GREG BARTKOWSKI, et al.,　　　　 :
　　　　　　　　　　　　　　　　　:
　　　　Respondents.　　　　　　　:

**APPEARANCES:**

**HERSHEL BOXTON**, Petitioner pro se
#299199/SBI3050
Northern State Prison
P.O. Box 2300
Newark, N.J. 07114

**BARBARA A. ROSENKRANS**, Counsel for Respondents
Essex County Prosecutor's Office
Essex County Courts Building
50 West Market Street
Newark, N.J. 07102

**CHESLER**, District Judge

　　　This matter is before the court pursuant to a petition for a writ of habeas corpus under 28 U.S.C. § 2254, filed by Petitioner Hershel Boxton ("Petitioner"). The respondents are Greg Bartkowski and Paula Dow. For the reasons stated herein, the Petition will be dismissed as time-barred.

**I. BACKGROUND**

　　　Petitioner was convicted of charges arising from burglaries

committed on March 25, 1997; robbery, felony murder and unlawful possession of a handgun arising from events occurring on March 30, 1997; and unlawful possession of a .357 magnum handgun on April 9, 1997.  State v. Boxton, 2010 WL 546491, at *1 (N.J.Super.App.Div. February 18, 2010).  On May 19, 1998, Petitioner was sentenced to life imprisonment, subject to a thirty-year parole disqualifier, for the felony murder, to concurrent five-year terms for the weapons charges and to concurrent five-year terms on charges arising from the burglaries, to be served consecutively to the sentence imposed for the felony murder; for a total sentence of life plus five years, subject to a thirty-year parole disqualifier.  Id.

Petitioner filed an appeal, which was denied by the Appellate Division on January 31, 2000.  State v. Boxton, No. A-1456-98T4 (N.J.Super.App.Div. January 31, 2000).  Petitioner did not file a petition for certification to the New Jersey Supreme Court[1] or a petition for certiorari to the United States

---

[1] In his brief in support of the petition, Petitioner states that the New Jersey Supreme Court denied his petition for certification on December 11, 2003.  (Pet'r's Br. Supp. Pet. 3.)  However, it appears that this statement does not apply to Petitioner and was inadvertently leftover from another prisoner's brief that Petitioner used as a template.  See Wispe v. Bartkowski, 11-1873 (SRC), Br. Supp. Pet. 3, Docket Entry No. 1-1.)  In fact, later in his brief, Petitioner contradicts this statement when he says that "Ms. Blum [his direct appeal attorney] failed to file Mr. Boxton['s] direct appeal to the Supreme Court of New Jersey.  And as a result, Mr. Boxton missed an opportunity to have his conviction and sentence overturned by the Supreme Court. And also, as an [sic] result, of that missed filed appeal, the Appellant case was affirmed by the Appellate Division on January 31, 2000." (Id. at 51.)  Petitioner does not make any reference to a petition for certification, other than this one statement, and there is no reference to this denial in any of the papers filed in state court by Petitioner, Petitioner's attorney or the State.  Further, there is no mention of

2

Supreme Court.

On April 27, 2004, Petitioner filed a petition for post-conviction relief, which was denied on March 26, 2007. Boxton, 2010 WL 546491, at *1. Petitioner appealed that ruling and on February 18, 2010, the Appellate Division affirmed the denial. Id. The Appellate Division agreed with the trial court and found that the petition was time-barred pursuant to Rule 3:22-12 and that Petitioner had not demonstrated excusable neglect. Id. at 3. The court further held that several of the grounds were barred by Rule 3:22-4, as they could have been raised on direct appeal and those that were not barred, were meritless. Id. On May 19, 2010, the New Jersey Supreme Court denied certification. State v. Boxton, 994 A.2d 1041 (N.J. May 19, 2010).

Petitioner submitted this habeas petition under 28 U.S.C. § 2254 on or about March 29, 2011, raising eleven grounds for relief, including a claim that he should have received separate trials for each burglary; inadequate jury instructions; and numerous claims of ineffective assistance of counsel. (Pet'r's Br. Supp. Pet. 1-2, Docket Entry No. 1-1.) Respondents filed an answer to the petition on September 23, 2011, raising affirmative

---

Petitioner's alleged petition for certification in any of the decisions from the state courts. The Court further notes that Petitioner did not file any reply contradicting Respondents' statements that he did not file a petition for certification. Therefore, it appears to the Court that the inclusion of this statement was inadvertent and does not refer to Petitioner's case.

3

defenses that the petition is time-barred and that certain claims are unexhausted and procedurally barred. Respondents also argue that the claims have no merit. Petitioner did not file a reply or traverse.

## II. DISCUSSION

The limitation period for a § 2254 habeas petition is set forth in 28 U.S.C. § 2244(d), which provides in pertinent part:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; ...
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

Pursuant to § 2244(d), evaluation of the timeliness of a § 2254 petition requires a determination of, first, when the pertinent judgment became "final," and, second, the period of time during which an application for state post-conviction relief was "properly filed" and "pending." The Supreme Court has provided the following guidance:

> The text of § 2244(d)(1)(A), which marks finality as of "the conclusion of direct review or the expiration of the time for seeking such review," consists of two prongs. Each prong—the "conclusion of direct review" and the "expiration of the time for seeking such review"—relates to a distinct category of petitioners. For petitioners who pursue direct review all the way to this Court, the

4

> judgment becomes final at the "conclusion of direct review"—when this Court affirms a conviction on the merits or denies a petition for certiorari. For all other petitioners, the judgment becomes final at the "expiration of the time for seeking such review"—when the time for pursuing direct review in this Court, or in state court, expires. We thus agree with the Court of Appeals that because [the Petitioner] did not appeal to the State's highest court, his judgment became final when his time for seeking review with the State's highest court expired.

Gonzalez v. Thaler, ___ U.S. ___, 132 S.Ct. 641, 653-54, 181 L.Ed.2d 619 (2012).

However, the limitations period is tolled during the time a properly filed application for state post-conviction relief is pending. 28 U.S.C. § 2244(d)(2). An application for state post-conviction relief is considered "pending" within the meaning of § 2244(d)(2), and the limitations period is statutorily tolled, from the time it is "properly filed,"[2] during the period between a lower state court's decision and the filing of a notice of appeal to a higher court, Carey v. Saffold, 536 U.S. 214 (2002), and through the time in which an appeal could be filed, even if the appeal is never filed, Swartz, 204 F.3d at 420-24.

---

[2] An application is "properly filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee. In some jurisdictions the filing requirements also include, for example, preconditions imposed on particular abusive filers, or on all filers generally. But in common usage, the question whether an application has been "properly filed" is quite separate from the question whether the claims contained in the application are meritorious and free of procedural bar. Artuz v. Bennett, 531 U.S. 4, 8-9 (2000) (footnotes and citations omitted).

Nevertheless, "the time during which a state prisoner may file a petition for writ of certiorari in the United States Supreme Court from the denial of his state post-conviction petition does not toll the one year statute of limitations under 28 U.S.C. § 2244(d)(2)." Stokes v. District Attorney of the County of Philadelphia, 247 F.3d 539, 542 (3d Cir. 2001).

Here, Petitioner's judgment of conviction was entered on May 19, 1998, and it appears that he promptly filed a direct appeal. The Appellate Division affirmed the conviction on January 31, 2000. No petition for certification was filed with the New Jersey Supreme Court; however, the Court notes that he would have had twenty days to do so. See N.J. Court R. 2:12-3(a). Thus, direct review became final under § 2244(d)(1), on February 20, 2000. See Gonzalez, 132 S.Ct. at 656 ("We further hold that, with respect to a state prisoner who does not seek review in a State's highest court, the judgment becomes 'final' under § 2244(d)(1)(A) when the time for seeking such review expires.") Petitioner then had one year from February 20, 2000, or until February 20, 2001, to file his federal habeas petition under § 2254. He did not do so until March 29, 2011, ten years later.

To permit tolling of the one-year limitations period under 28 U.S.C. § 2244(d)(2), Petitioner would have had to file his state PCR petition before the one-year period had expired, or before February 20, 2001. Otherwise, the state PCR petition

6

would not serve to toll the statute of limitations. In this case, Petitioner's state PCR petition was filed on April 27, 2004, over three years after the statute of limitations had expired. Thus, this Court finds that there was no statutory tolling of the limitations period in this case under 28 U.S.C. § 2244(d)(2).

However, AEDPA statute of limitations is also subject to equitable tolling. See Holland v. Florida, 130 S.Ct. 2549, 2554 (2010) ("We here decide that the timeliness provision in the federal habeas corpus statute is subject to equitable tolling"); Urcinoli v. Cathel, 546 F.3d 269, 272 (3d Cir. 2008). "A statute of limitations 'can be tolled when principles of equity would make [its] rigid application unfair.'" Urcinoli, 546 F.3d at 272 (quoting Shendock v. Dir., Office of Workers' Comp. Programs, 893 F.2d 1458, 1462 (3d Cir. 1990)). "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland, 130 S.Ct. at 2562 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)).

When the extraordinary circumstance is attorney error, the Supreme Court has distinguished a "a garden variety claim of excusable neglect, such as a simple miscalculation that leads a lawyer to miss a filing deadline," Holland, 130 S.Ct. at 2654

(citations and internal quotation marks omitted), from serious attorney misconduct, such as abandonment of a client facing the death penalty. Compare Holland, 130 S.Ct. at 2565 (where attorney "failed to communicate with his client over a period of years, despite various pleas from [client, and] the failures seriously prejudiced a client who thereby lost what was likely his single opportunity for federal habeas review of the lawfulness of ... his death sentence," such gross misconduct constituted extraordinary circumstance); Seitzinger v. Reading Hosp. and Med. Ctr., 165 F.3d 236, 237 (3d Cir. 1999) (equitable tolling was appropriate in Title VII case where "a diligent client persistently questioned the lawyer as to whether he had filed the complaint in time, and he affirmatively misrepresented to her that he had") with Lawrence v. Florida, 549 U.S. 327 (2007) (holding that "counsel's mistake in miscalculating the limitations period" is not extraordinary circumstance warranting equitable tolling because, "[i]f credited, this argument would essentially equitably toll limitations periods for every person whose attorney missed a deadline"); Schlueter v. Varner, 384 F.3d 69, 77-78 (3d Cir. 2004) (where attorney had allegedly represented that he would file PCR petition, but the prisoner had not taken "affirmative steps to ensure the timely filing of a PCRA petition," and the prisoner did not "attempt to ascertain ... whether [the attorney], in fact had filed a PCRA petition,"

the circumstances did not arise to extraordinary level).

Turning to the case at hand, Petitioner fails to argue that he is entitled to equitable tolling. In fact, he did not even file a reply or response to Respondent's answer, which raised the affirmative defense of timeliness. In the petition itself, Petitioner does makes a reference to his delay in filing his state PCR application, stating that his delay in filing his PCR appeal to the Appellate Division was "half because of waiting on that direct appeal decision from the Supreme Court's [sic] that never came and half because the [PCR] judge took three years to hear my [PCR] application. (Pet'r's Br. Supp. Pet. 51.) However, Petitioner does not make any arguments or provide any information related to his delay in filing his habeas petition, despite his opportunity to do so in the form of a reply to Respondent's answer.

However, to the extent Petitioner is arguing that equitable tolling is warranted because his attorney failed to file a petition for certification to the New Jersey Supreme Court and Petitioner was waiting for a decision on that non-existent appeal before filing his PCR petition, and by extension, his habeas petition, that argument is unavailing. "Garden variety" negligence is not an extraordinary circumstance that warrants equitable tolling. See Cristin v. Wolfe, 168 Fed. App'x 508 (3d Cir. 2006) (rejecting petitioner's argument that she was entitled

to equitable tolling because counsel never informed her that he was not filing discretionary petition in state's highest court, never explained that she could file a petition for a writ of habeas corpus in federal court, and never explained to her the deadlines for such filing); Martin v. Hurley, 150 Fed. App'x 513 (6th Cir.2005) (attorney's failure to advise petitioner of ADEPA deadline is not extraordinary circumstance warranting equitable tolling). Further, Petitioner has not alleges any facts that would indicate he diligently pursued his rights. Four years elapsed after the Appellate Division denied his direct appeal before Petitioner filed his PCR petition and there is no indication that Petitioner took any action during that time to pursue his rights.

Therefore, this Court finds that Petitioner's § 2254 habeas petition is time-barred under 28 U.S.C. § 2244(d). Further, as the facts alleged in this case by Petitioner do not support a finding of reasonable diligence on his part in pursuing his rights, this Court finds that Petitioner has not shown that extraordinary circumstances stood in his way and prevented him from timely filing his petition necessary to entitle him to equitable tolling. Thus, the Court concludes that this habeas petition is untimely and must be dismissed accordingly.

### III. CERTIFICATE OF APPEALABILITY

The Court next must determine whether a certificate of

appealability should issue. See Third Circuit Local Appellate Rule 22.2. The Court may issue a certificate of appealability only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies a habeas petition on procedural grounds without reaching the underlying constitutional claim, the prisoner must demonstrate that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. Slack v. McDaniel, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Id. For the reasons discussed above, this § 2254 habeas petition is clearly time-barred. The Court also is persuaded that reasonable jurists would not debate the correctness of this conclusion. Consequently, a certificate of appealability will not be issued.

## IV. CONCLUSION

For the foregoing reasons, this Court finds that the petition for a writ of habeas corpus under 28 U.S.C. § 2254 is time-barred pursuant to 28 U.S.C. § 2244(d). No certificate of appealability will issue pursuant to 28 U.S.C. § 2253(c)(2). An

appropriate order follows.

Dated:

                                              STANLEY R. CHESLER
                                              United States District Judge